UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| G.M.A. CONSTRUCTION, INC., an Oregon corporation, and GREGORY ALLEN, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>JEFFREY A. CARROLL, an individual,<br><br>Defendant. | CASE NO. C 13-5117 KLS<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter comes before the Court on the Plaintiffs' Motion for Partial Summary Judgment. Dkt. 36. The Plaintiffs rely on the declaration of Tiffany Couch, CPA (Dkt. 37), declaration of Julie Yunger, Corporate Manager of G.M.A. Construction, Inc. (Dkt. 38) and declaration of Tamsen L. Leachman, counsel for the Plaintiffs (Dkt. 39) which attached copies of two sets of properly served requests for admission, which were not answered by the Defendant.

Pursuant to Fed. R. Civ. P. 36(a)(3), the requests for admission are deemed admitted.  "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). Further, these admissions

Order                                                              1

may be relied on by the Plaintiffs in support of their partial motion for summary judgment. *Conlon v. United States,* 474 F.3d 616, 621 (9th Cir. 2007).

The Plaintiffs request summary judgment with regard to three separate claims: (1) conversion by the Defendant against GMA Construction; (2) conversion by the Defendant against Allen; and (3) breach of duty of loyalty to G.M.A. Construction by the Defendant.

The Defendant did not file any pleadings in response to this motion. Having reviewed the materials filed in support of their motion, the Court concludes that the motion for partial summary judgment should be **GRANTED**.

## FACTS

G.M.A. Construction (GMA) is a licensed general contractor which specializes in residential home building and remodeling. It is organized under the laws of Oregon and maintains its principal place of business in Oregon. Gregory Allen is the President of GMA and during all times relevant to this litigation resided in the state of Oregon.

Jeffrey A. Carroll is the former Branch Manager of GMA's Auburn, Washington location and the exclusive employee overseeing the Auburn operation. Mr. Carroll served in that capacity from 2010 to mid-2012. As the Branch Manager Mr. Carroll had the ultimate responsibility for all events and activities occurring at the Auburn facility and he was responsible for safeguarding the GMA operations, inventory and property.

Based on the deemed admissions, Mr. Carroll sold carpet from GMA inventory for non-GMA-related purposes and for his own personal gain without authority from GMA. He sold items of GMA inventory to installers or others as "off book" sales for non-GMA-related reasons and without GMA's authorization which caused a financial loss to the Plaintiff. He made payments to installers or vendors for work or materials that were not for the benefit of GMA and paid for these things with GMA funds which had not been authorized to be used for that purpose.

He made payments to installers or vendors using GMA funds for work or materials that were for his personal benefit and did so without authority from GMA.  He used GMA inventory or property for his own personal use and removed GMA inventory or property for his own personal use, also without authority from GMA.  He overcharged customers for projects or materials for his personal gain.  He received gifts of more than nominal value from installers, vendors and suppliers without authority from GMA to do so.  He used a GMA credit card or financial instrument, without authority from GMA, for purposes other than GMA business or interest, without authority from GMA, and for his own personal benefit.  He also falsified GMA business records to conceal his self-dealing from GMA.  He misappropriated funds that were paid to GMA by installers for background checks and he misappropriated funds for his own purposes that were paid to GMA by customers.  He improved his residence with products or services that were in fact purchased for the Auburn showroom and did so without GMA authorization.  Also, while Branch Manager he used the personal credit card of Gregory Allen, without authority from Mr. Allen, to make purchases for the Defendant's own personal benefit.

**SUMMARY JUDGMENT STANDARD**

Fed. R. Civ. P. 56(a) provides "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

**CONVERSION**

Conversion is defined as "the act of willfully interfering with any chattel, without lawful justification, whereby any person entitled thereto is deprived of the possession of it." *Judkins v. Sadler-Mac Neil*, 61 Wn.2d 1, 3, 376 P.2d 837 (1961)(internal citations omitted); *Potter v. Washington State Patrol,* 165 Wn.2d 67, 78, 196 P.3d 691 (2008).

Based on the evidence presented to the Court, it is clear that Mr. Carroll converted property belonging to GMA as well as property belonging to Gregory Allen. Specific instances are more fully set forth at pages 6 – 7 of the Plaintiffs' Motion and need not be reiterated here and are discussed generally above in the Facts section of this Order.

**BREACH OF DUTY OF LOYALTY**

It is clear that Mr. Carroll owed his employer a duty of loyalty, which required him to act only in the best interests of his employer. Mr. Carroll breached his duty of loyalty by misappropriating funds and resources of GMA for his own personal benefit.

**CONCLUSION**

For the above stated reasons, the Court concludes that partial summary judgment shall be GRANTED to the Plaintiffs on the theories of conversion and breach of duty of loyalty. Dkt. 36.

DATED this 7th day of August, 2014.

Karen L. Strombom
United States Magistrate Judge

Order   4